UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>    Plaintiff,<br>  v.<br>ALEXANDRU BRINZAN,<br>    Defendant. | Case No. 23-cr-00353-PCP-2  (SVK)<br><br>**DETENTION ORDER** |

   This matter came on for a detention hearing on September 9, 2024. Defendant Alexandru Brinzan is charged with violation of 18 U.S.C. 1349 (conspiracy to commit bank fraud); 18 U.S.C. 1029(3) (fraudulent possession of unauthorized access devices); and 18 U.S.C. 1028A(a)(1) (aggravated identity theft). Defendant appeared in custody, assisted by a Romanian interpreter, and represented by AFPD Dejan Gantar. AUSA George Hageman appeared for the United States. Officer Emily Sanchez appeared for Pretrial Services. Defendant's proposed co-surety and custodian, Luciana Burca, also appeared. Prior to the hearing, the Court received a written opposition to release (Dkt. 15), a Pretrial Services report from the Central District of California, the Order of Detention from the Central District (AO 472), and an informational memorandum from Pretrial Services from the Northern District of California (Dkt. 16).

   Defendant was originally detained in the Central District pursuant to which there was an order that Defendant be detained both as a flight risk and as a danger to the community based on the severity of the alleged financial crimes. On September 3, 2024, AFPD Gantar moved to re-open detention proceedings under 18 U.S.C. 3142(f) pursuant to a proffer of new information, specifically that Defendant Brinzan's proposed surety, Ms. Burca, was now willing to have Defendant reside with her upon release. The Court granted that request. Dkt. 13. At the hearing on September 9, 2024, there was a further proffer by AFPD Gantar that Defendant Brinzan had

merely submitted to detention in the Central District, intending to have a detention hearing in this district. Regardless of the process, the Court determined it was appropriate to proceed with the detention hearing, new or re-opened, in this District.

At the hearing, the defense argued that Defendant should be released to home confinement with GPS monitoring. Defendant would reside with Ms. Burca and their shared minor child. Ms. Burca would both co-sign an unsecured bond and act as custodian. The Government argued numerous factors of risk of flight, including criminal history, multiple attempts to evade law enforcement, the use of numerous aliases and strong family ties abroad. The Government further argued the unsuitability of Ms. Burca as a surety/custodian due to the unstable history of her relationship with Defendant as well as facts implicating her knowledge of charged conspiracy. The Court had Ms. Burca sworn and inquired as her length of time in the U.S. (11 months); her length of time at the proposed residence (9 months); her source of income (nail technician); her work load (7-10 hours/day both from home and in salon). Ms. Burca testified that she and Defendant had last lived together in July of this year; she was unable to tell the Court how long they had been living together at that time. In his interview by Pretrial Services on August 2, 204, Defendant stated that he and Ms. Burca had been separated for two years.

The Court adopts the facts set forth in the Pretrial Services reports, supplemented by the Government's opposition to release as well as information presented at the hearing, including the testimony of Ms. Burca. The Court finds that the Government has carried its burden of demonstrating by a preponderance of the evidence that Defendant presents a risk of flight which cannot be mitigated by terms of release in light of Defendant's criminal history, attempts to evade law enforcement, use of aliases, lack of any identifiable means of employment since his immigration in 2021, lack of a stable residence since his immigration, the lack of a viable surety with financial means, the lack of a suitable custodian with moral suasion over Defendant to ensure compliance, and significant family ties abroad. The Court denies the Government's motion to detain Defendant as a danger to the community.

**Either Party may appear this order to the Honorable P. Casey Pitts.**

The Defendant is committed to the custody of the Attorney General or his designated

representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: September 9, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3